**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Placido VASQUEZ–TORRES,**
**Defendant–Appellant.**

**No. 07–10270.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 15, 2008.

Daniel R. Drake, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: FARRIS, BEA, and SILER,[*] Circuit Judges.

## MEMORANDUM [**]

Placido Vasquez–Torres appeals his conviction and sentence for violating 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i). We affirm.

### I

In his closing argument, the prosecutor improperly vouched for the police officers who testified. *See United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir.2005) (holding a prosecutor's insistence "that the existence of legal and professional repercussions serve[ ] to ensure the credibility of the officers' testimony ... [is] improper ... vouching based upon matters outside the record."). Despite this error, the prosecutor's actions did not ruin the fairness of the proceedings. The prosecutor's remarks were "invited reply" to defense counsel's statements during closing argument that the government's witnesses committed perjury. *See United States v. Sarkisian*, 197 F.3d 966, 990 (9th Cir.1999). While this does not excuse the prosecutor's impropriety, it lessens any prejudicial effect.

Further, the trial judge provided a curative instruction in what was not a close case. *See United States v. Combs*, 379 F.3d 564, 575 (9th Cir.2004) (holding the court is to consider the closeness of the case to measure prejudice). Upon this record, the prosecutor's error did not seriously affect the fairness of Vasquez–Torres's trial. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993).

### II

The district court did not abuse its discretion when it admitted into evidence $16,100 in counterfeit money found at the scene. The possession of large sums of money and controlled substances has a tendency to show that the possession of the controlled substances was intended for distribution and not personal use. *See United States v. Lopez*, 477 F.3d 1110, 1114 (9th Cir.2007). This logic applies to counterfeit currency. Although the money may have been fake, it could well have been used in drug purchases and sales. The risk of prejudice by admitting this evidence was slight and any error was harmless. *See United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir.2005).

### III

The district court did not err when it gave Vasquez–Torres a within-guideline sentence. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The court correctly calculated the Guideline sentence range to be 181–211 months and noted that Vasquez–Torres's long criminal history and dangerous conduct in this case warranted a substan-

---

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tial sentence. Nothing in the record supports Vasquez–Torres's contention that the district court believed it was bound by the Guidelines. Rather, the court used the Guidelines as a starting point, considered the 18 U.S.C. § 3553(a) factors, and determined that the 181–month sentence was sufficient, but not greater than necessary. *See United States v. Carty,* 520 F.3d 984, 994 (9th Cir.2008) (en banc) (holding that the Guideline sentence may serve as a "starting point" to determining a reasonable sentence).

## IV

 Police testimony regarding complaints from neighboring residents that the occupants of Apartment 3 were dealing drugs did not violate the Confrontation Clause. We review alleged violations of the Confrontation Clause de novo. *United States v. Bowman,* 215 F.3d 951, 960 (9th Cir.2000).

It is not a violation of the Confrontation Clause for an officer to testify that he spoke to an informant where the statements of the informant are not presented to the jury to prove the truth of the matter asserted. *Busby v. United States,* 296 F.2d 328, 332 (9th Cir.1961); *Crawford v. Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). At trial, the police officers merely referred to complaints they received from neighboring residents that some people were dealing drugs out of Apartment 3. The neighborhood complaints were admitted to show why the surveillance had been instituted and to rebut the defense charge that the officers were involved in a conspiracy to frame Vasquez–Torres. The statements about which Vasquez–Torres complains arose on cross-examination by counsel for

Vasquez–Torres's co-defendant. The error, if any, was harmless. *See United States v. Nielsen,* 371 F.3d 574, 581 (9th Cir.2004).

**AFFIRMED.**